**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                          Case No.: 8:18-cr-331-WFJ-UAM

JOSE TEODORO DELGADO-
PACHAY

_____/

## ORDER DENYING SENTENCE REDUCTION

Citing Amendment 821 to the United States Sentencing Guidelines, Jose

Teodoro Delgado-Pachay, USM#: 70761-018, moves (Dkts. 129, 138) unopposed

for a reduction in sentence.  Amendment 821, Part B, amends Section 4C1.1,

United States Sentencing Guidelines, to permit a two-level decrease to a

defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a),

including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence

might warrant a retroactive reduction if the advisory sentencing range on which the

defendant's sentence was based "has subsequently been lowered by the Sentencing

Commission . . . [and] if such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission."  Under 28 U.S.C. § 994(u), if

the Sentencing Commission lowers the advisory sentencing range for a "particular

offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On January 3, 2019, Jose Teodoro Delgado-Pachay was sentenced under 46 U.S.C. §§ 70503(a), 70506(a) (b) and 21 U.S.C. § 960(b)(1)(B)(ii) to 97 months. Jose Teodoro Delgado-Pachay's total offense level was 33. He was assessed no criminal history points, and his criminal history was category I. Mr. Delgado-Pachay's advisory sentencing range was 135–168 months, and he received a sentence below the advisory range based on a downward departure of three levels for substantial assistance. His sentence was at the bottom of the applicable guidelines after this 3-point departure. The Bureau of Prisons reports that his projected release is June 26, 2025.

2

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Jose Teodoro Delgado-Pachay is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces the offense level to 31 and reduces his advisory sentencing range to 108–135.  The Federal Defender appears, confirms Jose Teodoro Delgado-Pachay's eligibility for a reduction, and moves unopposed to reduce his sentence to 78 months (a 19-month reduction in sentence) based on a "comparable 28% downward departure from the low end of the amended guideline range" of 108–135 months.

The Court exercises its discretion to deny such a reduction.  The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a).  Movant already received a bottom guideline sentence after a 3-point departure.  At the low end this was a 38-month reduction.  This was a large transnational maritime smuggling operation involving over 2,600 pounds of cocaine.  The many millions of dollars in contraband moved by this Defendant is a "nature and circumstances," *id*. § 3553(a)(i), counseling against further reduction.  Reduction here will also

3

impair general deterrence, *id*. at (2)(B) and fail fully to reflect the seriousness of the offense or promote respect for the law.  *Id*. at (2)(A).

Mr. Delgado-Pachay's motion (Dkts. 129, 138-supplement) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida on July 22, 2024.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**